UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CAROL MARTUCCI,                                             Civ. Act. No.: 10-cv-6231 (BSJ)

                    Plaintiff,                **ANSWER TO COMPLAINT**

  -against-

                                                              DOCUMENT
HARTFORD LIFE INSURANCE COMPANY,        ELECTRONICALLY FILED

                    Defendant.
---------------------------------------------------------------X

      Defendant, Hartford Life and Accident Insurance Company, s/h/a HARTFORD LIFE INSURANCE COMPANY ("Hartford"), by its attorneys, Sedgwick, Detert, Moran & Arnold LLP, as and for its Answer to plaintiff's Complaint, respectfully sets forth the following upon information and belief:

      FIRST.           Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "1" of plaintiff's Complaint.

      SECOND.       Denies each and every allegation contained in paragraph "2" of plaintiff's Complaint as alleged, except admits Hartford is an insurance company, duly licensed to conduct the business of insurance in the State of New York, with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

      THIRD.          Denies each and every allegation contained in paragraph "3" of plaintiff's Complaint as alleged, except admits Hartford is an insurance company, duly licensed to conduct the business of insurance in the State of New York, with its principal place of business at 200 Hopmeadow Street, Simsbury, CT 06089.

FOURTH.	Denies each and every allegation contained in paragraph "4" of plaintiff's Complaint as alleged and respectfully refers to the JPMorgan Chase Bank Disability Leave Policy (the "Plan") for the terms, conditions, limitations and exclusion set forth therein.

FIFTH.	Denies each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford administered claims for STD benefits under the Plan, which is self funded.

SIXTH.	Admits the truth of each and every allegation contained in paragraph "6" of plaintiff's Complaint.

## JURISDICTION AND VENUE

SEVENTH.	The allegations in paragraph "7" of the Complaint relate to questions of law, to which no response is required. To the extent a response is required, defendant admits that this Court has subject matter jurisdiction under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA."

EIGHTH.	The allegations in paragraph "8" of the Complaint relate to questions of law, to which no response is required. To the extent a response is required, defendant admits that this Court has subject matter jurisdiction under ERISA, and further admits venue is proper in this District.

NINTH.	The allegations in paragraph "9" of the Complaint relate to questions of law, to which no response is required. To the extent a response is required, defendant admits that this Court has subject matter jurisdiction under ERISA, and further admits venue is proper in this District.

## **FACTS**

TENTH.            Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the claim file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

ELEVENTH.       Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford administered claims for STD benefits under the Plan, which is self funded.

TWELFTH.         Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford administered claims for STD benefits under the Plan, which is self funded.

THIRTEENTH.   Denies each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admits Hartford administered claims for STD benefits under the Plan, which is self funded.

FOURTEENTH.  Denies each and every allegation contained in paragraph "14" of plaintiff's Complaint as alleged and respectfully refers to the Plan for the terms, conditions, limitations and exclusion set forth therein.

FIFTEENTH. Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint.

SIXTEENTH. Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein.

SEVENTEENTH. Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court and respectfully refers to the file pertaining to plaintiff's claim kept and maintained by Hartford in the regular course and scope of its business for the contents thereof, as to the facts and circumstances recorded therein, except admits that Hartford denied plaintiff's claim because she did not submit proof to demonstrate that she met the Plan's definition of Disability.

EIGHTEENTH. Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint.

NINETEENTH. Denies each and every allegation contained in paragraph "19" of plaintiff's Complaint as alleged, except admits that Hartford determined that plaintiff was not entitled to benefits under the terms of the Plan and that therefore, no benefits have been paid.

TWENTIETH. Denies each and every allegation contained in paragraph "20" of plaintiff's Complaint.

TWENTY-FIRST. Denies each and every allegation contained in paragraph "21" of plaintiff's Complaint.

TWENTY-SECOND.	Denies each and every allegation contained in paragraph "22" of plaintiff's Complaint.

TWENTY-THIRD.	Denies each and every allegation contained in paragraph "23" of plaintiff's Complaint.

TWENTY-FOURTH.	Denies each and every allegation contained in paragraph "24" of plaintiff's Complaint.

TWENTY-FIFTH.	Denies each and every allegation contained in paragraph "25" of plaintiff's Complaint.

TWENTY-SIXTH.	Denies each and every allegation contained in paragraph "26" of plaintiff's Complaint.

TWENTY-SEVENTH.	Admits the truth of each and every allegation contained in paragraph "27" of plaintiff's Complaint.

TWENTY-EIGHTH.	Denies each and every allegation contained in paragraph "28" of plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-NINTH.	This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against Hartford and the Plan.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

THIRTIETH.	The claims for which plaintiff seeks recovery are not payable under the terms of the Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

THIRTY-FIRST. Hartford acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, plaintiff is barred from recovery for her claims in this action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTY-SECOND. All actions about which plaintiff complains were either required or permitted by applicable law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD. Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH. The governing Plan is a self-funded Plan, and consequently, Hartford is not a structurally conflicted administrator.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH. Plaintiff has not properly pled a claim for attorney's fees under ERISA.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH. Defendant Hartford, as claim fiduciary for the governing welfare benefit plan, is granted complete authority to review all denied claims for benefits under the Plan and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by acting arbitrarily and

capriciously.  Defendant's decision making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH.   To the extent (and without admitting that) the plaintiff was entitled to benefits as of the date Hartford determined she was not entitled to receive further benefits, such entitlement does not mean that the plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia*, the possibility for future recovery from any alleged disabling conditions (the existence of which is denied), as well as the affect of different Plan requirements, exclusions and/or limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH.   The Court's review of plaintiff's claim against defendant is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Hartford in the regular course of its business.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH.   Plaintiff's recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan documents.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

FORTIETH.   To the extent necessary, defendants deny all allegations appearing as topic headings or subheadings in plaintiff's Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-FIRST.   Plaintiff's request for attorney's fees is premature and improper because she has not achieved any success on the merits.

**WHEREFORE**, defendant Hartford prays:

    a.    that the action be dismissed, or that judgment be entered in favor of defendant and against plaintiff;

    b.    defendant be awarded costs of suit incurred herein;

    c.    that defendant be awarded reasonable attorney's fees; and

    d.    defendant be awarded such other and further relief as this court may deem just and proper.

Dated:    New York, New York
            October 20, 2010

            Respectfully Submitted,

            s/
            MICHAEL H. BERNSTEIN (MB-0579)
            SEDGWICK, DETERT, MORAN & ARNOLD LLP
            125 Broad Street, 39th Floor
            New York, New York 10004-2400
            Telephone: (212) 422-0202
            Facsimile:  (212) 422-0925
            (SDMA File No. 02489-000093)
            ***Attorneys for Defendant***
            Hartford Life and Accident Insurance Company s/h/a
            Hartford Life Insurance Company

TO:    Jason A. Newfield (JN-5529)
        FRANKEL & NEWFIELD, P.C.
        585 Stewart Avenue – Suite 312
        Garden City, New York 11530
        Telephone: (516) 222-1600
        ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I, Michael H. Bernstein, hereby certify and affirm that a true and correct copy of the attached **ANSWER** (for Hartford Life and Accident Insurance Company s/h/a Hartford Life Insurance Company) was served **ECF and Regular Mail** on October 20, 2010, upon the following:

>   Jason A. Newfield (JN-5529)
>   FRANKEL & NEWFIELD, P.C.
>   585 Stewart Avenue – Suite 312
>   Garden City, New York 11530
>   Telephone: (516) 222-1600
>   *Attorneys for Plaintiff*

s/
MICHAEL H. BERNSTEIN (MHB 0579)
