UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

CAROL MARTUCCI,                              Civ. Act. No.: 10-cv-6231 (BSJ)

        Plaintiff,

    -against-

HARTFORD LIFE INSURANCE COMPANY,             DOCUMENT
                                             ELECTRONICALLY FILED

        Defendant.
-------------------------------------------------------X

---

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION

---

SEDGWICK LLP
Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
    *Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................ii

PRELIMINARY STATEMENT..........................................................................................1

ARGUMENT.........................................................................................................................2

    POINT I

    THIS COURT MAY NOT CONSIDER MARTUCCI'S IMPROPER
    EXTRA-RECORD SUBMISSION TO PROVE HER ENTITLEMENT
    TO STD BENEFITS...................................................................................................2

    POINT II

    THIS COURT SHOULD STRIKE MARTUCCI'S EXTRA-RECORD
    SUBMISSIONS BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED
    OR DISCLOSED IN DISCOVERY..........................................................................7

    POINT III

    THE BEST PRACTICES MEMO AND THE PERFORMANCE
    EVALUATION OF A REHABILITATION CASE MANAGER ARE
    IRRELEVANT AND THUS INADMISSIBLE.........................................................12

CONCLUSION.....................................................................................................................14

CERTIFICATE OF SERVICE ...........................................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### CASES

*Baker v. ACE Advertisers' Serv., Inc.,*
  153 F.RD. 38 (S.D.N.Y. 1992) ...................................................................................14

*Barrett v. Hartford Life and Accident Insurance Company,*
  No. 10-cv-4600 (AKH) (S.D.N.Y. 2011) ................................................................ 15, 18

*Bender v. Hartford Life Ins. Co.,*
  No. 09-01163, 2011 WL 3566483 (N.D. Cal. Aug. 12, 2011)...............................15, 16, 19

*Bergquist v. Aetna U.S. Healthcare,*
  289 F. Supp. 2d 400 (S.D.N.Y. 2003) .........................................................................8

*Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,*
  602 F.2d 1062 (2d Cir. 1979) ...................................................................................14

*Cohen v. Metropolitan Life Ins. Co.,*
  485 F. Supp. 2d 339 (S.D.N.Y. 2007)........................................................................12

*Conkright v. Frommert,*
  130 S.Ct. 1640 (2010) ..........................................................................................8, 12

*Firestone Tire and Rubber Co. v. Bruch,*
  489 U.S. 101 (1989) ................................................................................................8

*Fitzpatrick v. Bayer Corp.,*
  No. 04 Civ. 5134 (RJS), 2008 WL 169318 (S.D.N.Y. Jan. 17, 2008) ...............................12

*Fry v. Hartford Ins. Co.,*
  No. 09-cv-6669(CJS)(MWP), 2011 WL 1672474 (W.D.N.Y. May 3, 2011) .....................11

*Gannon v. Aetna Life Ins. Co.,*
  No. 05 Civ. 2160(JGK), 2007 WL 2844869 (S.D.N.Y. Sept. 27, 2007) ...........................10

*Geiger v. Alstom Signaling Inc.,*
  No. 06-cv-561-CJS, 2010 WL 1509343 (W.D.N.Y. Apr. 14, 2010).................................8

*Giles v. Rhodes,*
  No. 94 Cv. 6385(CSH), 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) ...........................18

*Greenberg v. Unum Life Ins. Co. of Am.,*
  No. CV-03-1396(CPS), 2006 WL 842395 (E.D.N.Y. Mar. 27, 2006) ...............................9

*Griffin v. N.Y. State Nurses Assoc. Pension Plan & Benefits Fund*,
  757 F. Supp. 2d 199 (E.D.N.Y. 2010) .......................................................................12

*Grimes v. Prudential Financial, Inc.*,
  No. 09-419 (FLW), 2010 WL 2667424 (D.N.J June 29, 2010) ...........................12

*Hickman v. Taylor*,
  329 U.S. 495 (1947) ...............................................................................................13

*Hobson v. Metropolitan Life Ins. Co.*,
  574 F.3d 75 (2d Cir. 2009) .......................................................................................8

*Jacoby v. Hartford Life and Accident Insurance Company*,
  07 CV 4627 (LAK)(RLE) (S.D.N.Y.) .....................................................................15

*Kindig v. Anthem Life Ins. Co.*,
  No. 07-cv-6282 (CJS), 2009 WL 909632 (W.D.N.Y. Mar. 31, 2009) ...................12

*King v. Pension Trust Fund of the Pension, Hospitalization and Benefit
  Plan of the Electrical Industry*,
  No. 01-cv-2604(ILG), 2003 WL 22071612 (E.D.N.Y. Sept. 5, 2003) ...................13

*Klecher v. Metropolitan Life Ins. Co.*,
  No. 01 Civ. 9566 (PKL), 2003 WL 21314033 (S.D.N.Y. June 6, 2003),
    *aff'd* 167 Fed. Appx. 287 (2d Cir. 2006) ..................................................................9

*Leccese v. Metropolitan Life Ins. Co.*,
  No. 05-cv-6345(CJS), 2007 WL 1101096 (W.D.N.Y. Apr. 12, 2007) ...................12

*Magee v. Metropolitan Life Ins. Co.*,
  No. 07-cv-88169(WHP), 2009 WL 3682423 (S.D.N.Y. Oct. 15, 2009) ...................8

*Maskara v. First UNUM Life Ins. Co.*,
  No. 03 Civ. 498 (MHD), 2004 WL 1562722 (S.D.N.Y. Jul. 13, 2004) ...............8, 9

*Mehaj v. Building Serv. 32B-J Health Fund*,
  No. 04 Civ. 7613(LLS), 2005 WL 2030283 (S.D.N.Y. Aug. 23, 2005) ...................8

*Metropolitan Life Ins. Co. v. Glenn*,
  554 U.S. 105, 128 S.Ct. 2343 (2008) .......................................................................8

*Miller v. United Welfare Fund*,
  72 F.3d 1066 (2d Cir. 1995) ............................................................................8, 9, 17

*Muller v. First Unum Life Ins. Co.*,
  341 F.3d 119 (2d Cir. 2003) .....................................................................................8

*Nelson v. Unum Life Ins. Co. of Am.,*
   421 F. Supp. 2d 558 (E.D.N.Y. 2006)
   *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007) ....................................................................9

*Parisi v. Unumprovident Corp.,*
   No. 3:03cv01425, 2007 WL 4554198 (D. Conn. Dec. 21, 2007) ......................12

*Pepe v. Newspaper And Mail Deliver's-Publishers' Pension Fund,*
   559 F.3d 140 (2d Cir. 2009) ...............................................................................12

*Perez v. Siragusa,*
   No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402 (E.D.N.Y. Jul. 3, 2008)........14

*Perezaj v. Building Serv. 32B-J Pension Fund,*
   No. CV-04-3768, 2005 WL 1993392 (E.D.N.Y. Aug. 17, 2005) ......................10

*Richard v. Fleet Fin. Group Inc. LTD Employee Benefits Plan,*
   No. 09-2284-cv, 2010 WL 625003 (2d Cir. Feb. 24, 2010) ...............................8

*Salute v. Aetna Life Ins. Co.,*
   No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005)........8

*Sullivan v. LTV Aerospace & Defense Co.,*
   82 F.3d 1251 (2d Cir. 1996) ...............................................................................14

*Testa v. Hartford Life Ins. Co.,*
   No. 08-cv-816 (E.D.N.Y.) ............................................................................ 15, 18

*Update Art, Inc. v. Moddin Publishing Ltd.,*
   842 F.2d 67 (2d Cir. 1988) .................................................................................14

*Varity Corp. v. Howe,*
   516 U.S. 489 (1996)............................................................................................10

*Wiener v. Health Net Of Conn., Inc.,*
   No. 07 4651-cv, 2009 WL 427337 (2d Cir. Feb. 23, 2009) .................................9

*Zervos v. Verizon New York, Inc.,*
   277 F.3d 635 (2d Cir. 2002) ...............................................................................11

## STATUTES

Employee Retirement Income Security Act of 1974,
   29 U.S.C. §1001, et seq. ("ERISA").....................................................................6

ERISA §503, 29 U.S.C. §1133..................................................................................11

Fed. R. Civ. P. Rule 37(c)..........................................................................6, 7, 13, 14

Fed. R. Civ. P. Rule 56(e)................................................................................................ 6, 17

Fed. R. Civ. P. Rule 26(a)..........................................................................................7, 13, 14

Fed. R. Evid. Rule 401 ................................................................................................ 17, 18

## PRELIMINARY STATEMENT

Defendant Hartford Life And Accident Insurance Company sued herein as Hartford Life Insurance Company ("Hartford") submits this memorandum of law in support of its motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., striking plaintiff Carol Martucci's ("Martucci") improper extra-record submissions attached as Exhibits "A" through "D" to the Declaration of Jason Newfield, dated August 18, 2011 (Doc. No. 35) ("Newfield Declaration" or "Newfield Dec."), consisting of an unauthenticated copy of an alleged "Best Practices Memo"; a deposition transcript of Bruce Luddy from an unrelated case; descriptions of Hartford's Business Performance Award and Individual Performance Award for a Rehabilitation Case Manager (who was not involved in Martucci's claim for benefits); and a letter-report by Dr. Christopher Snell (the "Snell Letter"), which was written after both parties' respective dispositive motions were filed in this matter.   Martucci submitted these documents in opposition to Hartford's motion for summary judgment as "proof" that Hartford was somehow operating under a conflict of interest when it rendered its adverse determination on her claim for benefits under a <u>self-funded</u> ERISA Plan and as further support for claimed restrictions and limitations.   None of these documents are part of the administrative record produced in this action nor did Martucci identify or disclose any of these documents in discovery.

In her Complaint, Martucci alleges that Hartford's denial of her claim for short-term disability ("STD") benefits under the JPMorgan Chase Disability Leave Policy (the "STD Plan") was arbitrary and capricious.  This action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA") and Hartford is vested with full discretionary authority under the Plan to interpret Plan terms and determine participants' entitlement to benefits.  Under well-settled controlling authority in this Circuit, this Court may not consider evidence outside of the administrative record in its

review of Hartford's claim determination.  Accordingly, Martucci's extra-record materials may not be considered by this Court.

In addition, all of the Exhibits annexed to the Newfield Declaration must be stricken because they were not identified or produced in discovery. Discovery closed on June 20, 2011.  Pursuant to Rule 37(c), FED. R. CIV. P., this Court should strike these exhibits because Martucci failed to identify them during discovery in violation of Rule 26(a), FED. R. CIV. P.

Exhibits "A" and "C" to the Newfield Declaration should also be stricken because the exhibits are irrelevant.  Exhibit "A" is an outdated, unauthenticated memorandum, which Martucci does not even discuss in her opposition, except to call it a "performance evaluation," which it is not.  Exhibit "C" includes copies of performance evaluations concerning a Rehabilitation Clinical Case Manager, who had no involvement in deciding Martucci's claim for benefits.   These documents have no relevance to the question of whether Hartford's decision-making was arbitrary and capricious or whether its denial of Martucci's STD benefits claim was a product of a conflict of interest.  Accordingly, all of these exhibits should be stricken for this reason as well.

## ARGUMENT

### POINT I

### THIS COURT MAY NOT CONSIDER MARTUCCI'S IMPROPER EXTRA-RECORD SUBMISSION TO PROVE HER ENTITLEMENT TO STD BENEFITS

The STD Plan vests Hartford with "complete authority to determine whether [the claimant] incurred a non-occupational disability for which benefits are payable under the policies, and to authorize the payment of any such benefits."  (220). [1]  The STD Plan also states that "[n]o person or group, other

---

[1] All references to numbers "000001" through "000023" are to the Bates Stamped pages annexed as Exhibit "A" to the Declaration of Debra McGee dated July 25, 2011, Doc. No. 29 ("McGee Dec."). All references to numbers "000024" through "000097" are to the Bates Stamped pages annexed as

than the claims evaluator or insurer, has any authority to interpret the Disability Leave Policy or official insurance policy documents or to make any promises to you about them." (22). When a claim administrator is given such discretionary authority to determine a claimant's eligibility for benefits, the court must review its decision with a strong measure of deference and may only reverse the administrator's actions if the court finds them to be arbitrary and capricious. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1646 (2010); *Metropolitan Life Ins. Co.* v. *Glenn* ("*Glenn*"), 554 U.S. 105, 128 S.Ct. 2343, 2347-48 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989). It is well settled that when performing this review, the Court must not consider any evidence outside of the "administrative record," which consists solely of those documents before the claims administrator at the time it made its final benefit determination. *See Richard* v. *Fleet Financial Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010); *Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 89 (2d Cir. 2009); *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343, at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Mehaj* v. *Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23, 2005); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y. Jul. 13, 2004); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

All of these decisions are consistent with the ruling of the U.S. Court of Appeals for the Second Circuit in *Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995). In *Miller*, the appellants argued that the Court should not have considered the affidavit of a nurse that plaintiff-respondent submitted in

---

Exhibit "B" to the McGee Dec. All references to numbers "000098" to "000244" are to the Bates Stamped pages annexed as Exhibit "C" to the McGee Dec.

support of his motion for summary judgment.  In reversing the district court's ruling that it could

consider the affidavit, the Second Circuit held that:

> We follow the majority of our sister circuits in concluding that a district court's
> review under the arbitrary and capricious standard is limited to the administrative
> record.  Because district courts are required to limit their review to the administrative
> record, it follows that, if upon review a district court concludes that the Trustees'
> decision was arbitrary and capricious, it must remand to the Trustees with
> instructions to consider additional evidence unless no new evidence could produce a
> reasonable conclusion permitting denial of the claim or remand would otherwise be a
> "useless formality." This rule is consistent with the fact that nothing "in the
> legislative history suggests that Congress intended that federal district courts would
> function as substitute plan administrators" and with the ERISA "goal of prompt
> resolution of claims by the fiduciary."

*Id.* at 1071 (citations omitted).  Thus, as a matter of controlling law, Exhibits "A" and "D" to Attorney

Newfield's Declaration cannot possibly be part of the administrative record concerning Martucci's claim

for ERISA benefits because they are not included in the administrative record.   Accordingly, this Court

may not consider Exhibits "A" and "D" as a matter of law.  *See Wiener* v. *Health Net Of Conn., Inc.*, No. 07

4651-cv, 2009 WL 427337, *3 (2d Cir. Feb. 23, 2009); *Nelson* v. *Unum Life Ins. Co. of Am.*, 421 F.Supp.2d

558, 573 (E.D.N.Y. 2006) *aff'd* 232 Fed. Appx. 23 (2d Cir. 2007) (finding that the Court may not consider

evidence prepared after the record was closed); *Maskara* v. *First UNUM Life Ins. Co.*, No. 03 Civ. 498

(MHD), 2004 WL 1562722 (S.D.N.Y. Jul. 13, 2004) ("The record is properly viewed as comprising all

materials in the case up to the point at which the administrator made its final decision."); *Klecher* v.

*Metropolitan Life Ins. Co.*, No. 01 Civ. 9566 (PKL), 2003 WL 21314033 (S.D.N.Y. June 6, 2003), *aff'd* 167

Fed. Appx. 287 (2d Cir. 2006) ("Under the arbitrary and capricious standard of review, a district court is

limited in scope of its review and may consider only the administrative record (i.e., the Claim File) before

the administrator when the administrator made its decision denying plaintiff's benefits."); *Greenberg* v.

*Unum Life Ins. Co. of Am.*, No. CV-03-1396(CPS), 2006 WL 842395, *8 (E.D.N.Y. Mar. 27, 2006)

(quoting *Miller*, 72 F.3d at 1071 to state "[f]inally, in reviewing the administrator's decision, 'district courts

may consider only the evidence that the fiduciaries themselves considered.'"); *Perezaj* v. *Building Serv. 32B-J*

4

*Pension Fund*, No. CV-04-3768, 2005 WL 1993392, *7 (E.D.N.Y. Aug. 17, 2005) (concluding that "the Court is without authority to consider evidence that was not part of the record before the Appeals Committee."); *Gannon* v. *Aetna Life Ins. Co.*, No. 05 Civ. 2160(JGK), 2007 WL 2844869, *11 n.4 (S.D.N.Y. Sept. 27, 2007).

Martucci did not attempt to supplement the claim file with these new extra-record submissions while her claim was under consideration by Hartford. Exhibit "A" is an unauthenticated, outdated and irrelevant memorandum purportedly prepared by Hartford regarding requests for objective proof of a disability. The administrative record does not include any reference to this memorandum by Hartford as part of its consideration of Martucci's claim for benefits. Exhibit "D" was created after the administrative record was closed for the sole purpose of this litigation and therefore cannot be part of the administrative record. Specifically, Exhibit "D" is a letter-report by Christopher Snell, Ph.D., dated August 16, 2011 (the "Snell Letter"), prepared almost two years after Hartford terminated Martucci's benefits, over a year and a half after Hartford fully and finally determined Martucci's administrative appeal and almost three weeks after the initial moving briefs for summary judgment in the instant matter were served. Since this letter-report was not even written until over a year and a half had passed after the appeal determination, there is absolutely no way Martucci can argue that the letter could have (or should have) been part of the administrative record nor can she claim that this new submission was identified in her initial disclosures as evidence that she intended to rely upon since the document did not even exist at that time. (*See* POINT II, *infra*). Martucci does not even attempt to explain how it is permissible for her to submit either of these Exhibits at this late date and instead merely attaches them to her attorney's declaration.

Martucci's creation and submission of additional extra-record evidence for her opposition to Hartford's motion is improper as a matter of law and inconsistent with the congressional purpose of ERISA. In *Varity Corp.* v. *Howe*, 516 U.S. 489, 497 (1996), the U.S. Supreme Court explained that under

ERISA the Court must balance "competing congressional purposes, such as Congress' desire to offer employees enhanced protection for their benefits, on the one hand, and on the other, its desire not to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place." Congress enacted ERISA §503, 29 U.S.C. §1133, requiring that welfare benefit plans provide administrative procedures for a full and fair review so that there is a full exchange of points and submission of all relevant proof.  As a result, the district court should only need to review the administrative record, reducing the burdens on district courts and the parties of having to engage in costly discovery.  A claimant creating new evidence in litigation, including letters or reports to supplement the administrative record, as if the claim is being reviewed anew, supplants the congressional goals of a system with less litigation expenses and complexities.  Notably, in *Conkright* v. *Frommert*, 130 S.Ct. 1640, 1649 (2010), the U.S. Supreme Court recently reiterated the purpose of a deferential review under ERISA, observing that vesting discretionary authority in a claim fiduciary promotes efficiency, predictability and uniformity in plan administration.  Martucci's submission of an extra-record letter and claims guidelines subverts all of these goals because it seeks to have the Court review information that should have been submitted to Hartford in the first instance.  *See Bergquist,* 289 F. Supp. 2d at 411 (refusing to consider affidavit of doctor submitted after final claim decision); *Salute,* 2005 WL 1962254 (same).

In fact, this type of extra-record submission has been routinely rejected by Courts in this Circuit.  Most recently in *Fry* v. *Hartford Ins. Co.*, No. 09-cv-6669(CJS)(MWP), 2011 WL 1672474, *2 (W.D.N.Y. May 3, 2011), the U.S. District Court for the Western District of New York struck plaintiff's extra-record submissions because:

> The legal standard for considering evidence outside the administrative record depends on the standard of review to be applied to the claim.  For a *de novo* review of the administrator's decision, the district court ought not to accept additional evidence absent good cause.  [*Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002)]  For a review under the arbitrary and capricious standard, however, a

district court's review . . .is limited to the administrative record.  *Miller*, 72 F.3d at 1071.

(quoting *Parisi* v. *Unumprovident Corp.*, No. 3:03cv01425, 2007 WL 4554198, *8 (D. Conn. Dec. 21, 2007)); *see also Griffin* v. *N.Y. State Nurses Assoc. Pension Plan & Benefits Fund*, 757 F. Supp.2d 199, 211-12 (E.D.N.Y. 2010); *Geiger*, 2010 WL 1509343, at *13; *Fitzpatrick* v. *Bayer Corp.*, No. 04 Civ. 5134 (RJS), 2008 WL 169318, *9 (S.D.N.Y. Jan. 17, 2008); *Leccese* v. *Metropolitan Life Ins. Co.*, No. 05-cv-6345(CJS), 2007 WL 1101096, *5 (W.D.N.Y. Apr. 12, 2007).  Therefore, this Court is without discretion to accrete the record with Martucci's extra-record submission.  *See Magee*, 2009 WL 3682423, at *2.

Based on the foregoing controlling case law, Martucci's extra-record submissions cannot be considered in connection with the parties' respective dispositive motions because the Court is not free to accept and review such extra-record materials that were not made available for Hartford to consider before it rendered its final claim determination on Martucci's administrative appeal.  *See Conkright*, 130 S.Ct. at 1646; *see also Grimes* v. *Prudential Financial, Inc.*, No. 09-419 (FLW), 2010 WL 2667424, *1 (D.N.J June 29, 2010); *Kindig* v. *Anthem Life Ins. Co.*, No. 07-cv-6282 (CJS), 2009 WL 909632, *7 (W.D.N.Y. Mar. 31, 2009); *Pepe* v. *Newspaper And Mail Deliver's-Publishers' Pension Fund*, 559 F.3d 140, 149 (2d Cir. 2009) (remanding claim because Court could not review additional extra-record evidence); *Cohen* v. *Metropolitan Life Ins. Co.*, 485 F. Supp. 2d 339, 353 (S.D.N.Y. 2007) (same).

Accordingly, this Court should strike Exhibits "A" and "D" to Attorney Newfield's Declaration.

## POINT II

### THIS COURT SHOULD STRIKE MARTUCCI'S EXTRA-RECORD SUBMISSIONS BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED OR DISCLOSED IN DISCOVERY

Martucci never identified any documents in her initial disclosure that she intended to rely on in her prosecution of this action.  All of the documents Martucci attached to the Newfield Declaration are submitted to meet her burden to prove her allegation that Hartford's adverse benefit determination was

arbitrary and capricious or that Hartford had a financial conflict of interest that affected its decision-making

on her claim.  (Complaint, ¶¶ 21-22). Discovery closed on June 20, 2011 without any of these documents

being identified or produced.  (Doc. No. 11).  Thus, Hartford was deprived of the opportunity to consider

these documents and respond to Martucci's arguments in discovery based on these belated submissions.

Due to Martucci's failure to properly disclose this evidence in discovery, she is precluded by Rule 37(c)

from relying on the Exhibits to the Newfield Declaration to support her motion. *See King* v. *Pension Trust*

*Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry*, No. 01-cv-2604(ILG), 2003 WL

22071612 (E.D.N.Y. Sept. 5, 2003).   Therefore, none of the Exhibits attached to the Newfield

Declaration can be considered by this Court because Martucci failed to identify or produce them until

her opposition to Hartford's Summary Judgment motion.

Rule 37(c)(1), FED. R. CIV. PROC., provides that:

> If a party fails to provide information or identify a witness as required by Rule 26(a)
> or 26(e), the party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
> justified or is harmless.

Martucci did not previously identify or disclose the documents attached as Exhibits to the Newfield

Declaration during the course of discovery in this action.  Consequently, she is barred from introducing

these documents and raising related arguments based on those documents.

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper

litigation." *Hickman* v. *Taylor*, 329 U.S. 495, 507 (1947).  Martucci was required to previously disclose to

Hartford her intention to rely upon these documents.  Rule 26(a), FED. R. CIV. PROC., explicitly requires

that each party identify or produce:

> (ii) a copy — or a description by category and location — of all documents,
> electronically stored information, and tangible things that the disclosing party has in
> its possession, custody, or control and may use to support its claims or defenses,
> unless the use would be solely for impeachment.

8

In opposition to Hartford's motion, Martucci offers the Snell Letter to prove that Hartford's determination was arbitrary and capricious.[2]  The Snell Letter was not properly disclosed as a document Martucci intended to use to prove her claims under FED. R. CIV. P. 26(a)(1) nor did she identify Dr. Snell as an expert witness in accord with FED. R. CIV. P. 26(a)(2).   Martucci also filed with this Court Newfield Declaration's Exhibits "A" through "C" to prove that Hartford's determination of Martucci's claim was affected by a conflict of interest.[3]  *See Hobson*, 574 F.3d at 83 (requiring plaintiff to demonstrate that conflict of interest actually affected the defendant's decision-making); *Sullivan* v. *LTV Aerospace & Defense Co.*, 82 F.3d 1251, 1259 (2d Cir. 1996) (ruling that the burden to prove a conflict of interest affected the defendants' decision-making is on plaintiff).  Martucci similarly failed to identify or produce the documents attached as Exhibits A through C to the Newfield Declaration at any time during the course of discovery in this action.

The prohibition on a party's use of information or evidence that it failed to previously identify and/or disclose on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless, was enacted to "'ensure that a party will not benefit from its own failure'" to comply with discovery obligations.  *See Perez* v. *Siragusa*, No. 05-cv-4873 (CPS)(JMA), 2008 WL 2704402, at *3 (E.D.N.Y. Jul. 3, 2008) (quoting *Update Art, Inc.* v. *Moddin Publishing Ltd.*, 842 F.2d 67, 71 (2d Cir. 1988)).  "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." *Cine Forty-Second Street Theatre Corp.* v. *Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979).

Rules 26(a) and 37(c), FED. R. CIV. P., are designed to prevent the "sandbag" tactics Martucci employed in this case.  *See Baker* v. *ACE Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992). Martucci's attempt to "sandbag" Hartford is manifest because she did not submit these documents or

[2] The Snell Letter should also be stricken because it is outside the administrative record.  *See* POINT I, *supra*.  If Martucci thought that the Snell letter would be persuasive in demonstrating that the exercise test and Dr. Betsy Keller's conclusions were correct, then she should have submitted it to Hartford while her claim was under consideration.

[3] "Exhibit A" was also submitted to prove Martucci's claim that she was allegedly disabled under the STD plan.  (*See* POINT I, *supra*.)

reference them in support of her own dispositive motion, but waited for her opposition to Hartford's motion requiring Hartford to use limited pages in its Reply to respond to these improper submissions. Moreover, while almost all of the documents referenced in the Newfield Declaration existed before Martucci commenced this action, she did not identify or disclose any of them until she filed her Opposition to Defendant's Summary Judgment (hereinafter, "Martucci's Opp."), on August 18, 2011. Specifically, Martucci identifies for the first time in her Opposition papers, copies of Hartford performance appraisals as well as descriptions of Hartford's Business Performance Award and Individual Performance Award filed in the case of *Barrett* v. *Hartford Life and Accident Insurance Company*, Dkt No. 10-cv-4600 (AKH) (S.D.N.Y. 2011), which were originally produced in *Jacoby* v. *Hartford Life and Accident Insurance Company*, 07 CV 4627 (LAK)(RLE) (S.D.N.Y.), but which were never identified or disclosed by Martucci prior to her submission of her Opposition motion. (Newfield Dec., Ex. "C"). Martucci also submits, for the first time, a Hartford Best Practices Memo which was originally produced in *Testa* v. *Hartford Life Ins. Co.*, Dkt No. 08-cv-816 (E.D.N.Y.), to support her wrong-headed argument that Hartford is a conflicted administrator, and, which, likewise, was never identified by Martucci during discovery. (Newfield Dec., Ex. "A").[4]

Martucci also attaches a copy of Bruce Luddy's ("Luddy") deposition transcript in *Bender* v. *Hartford Life Ins. Co.*, NO. 09-01163, N.D. Cal., to support her inaccurate argument that Hartford purportedly pays its claims and appeals personnel bonuses based on the number of claims they deny. (Newfield Dec., Ex. "B"; Martucci's Opp., p. 12). To make this wildly inaccurate argument, Martucci misstates Luddy's testimony in *Bender*, which clearly establishes that Hartford's Ability Analysts and Appeals Specialists are *not* compensated based on the number of claims they deny. Indeed, Luddy's deposition testimony in *Bender* is entirely consistent with his Declaration in this case. In *Bender*, Luddy explained that salary or bonuses may be based upon performance evaluations but those evaluations

---

[4] Martucci's counsel also represented the plaintiff in *Testa*, *supra*.

themselves are not based on the number of claims denied or approved.  (*Compare* Newfield Dec., Ex. "B," T. 18:6-19:11 *with* Luddy Dec. ¶¶ 8-9).   Notably, the Court in *Bender* rejected the very argument that Martucci advances here, finding that Luddy's deposition testimony did not contradict his declaration in that case, which was almost identical to the declaration at issue in this case, and found that the declaration demonstrated that Hartford had taken measures to "reduce potential bias and to promote accuracy."  *Bender* v. *Hartford Life Ins. Co.*, 09-01163, 2011 WL 3566483, *12 (N.D. Cal. Aug. 12, 2011).  In fact, after considering all of the evidence in *Bender*, the court granted summary judgment to Hartford and dismissed the plaintiff's complaint.  *Id.*

Martucci's use of these documents to support her inaccurate argument that Hartford's decision-making was affected by a conflict of interest is remarkable because Hartford provided documents that Martucci requested in discovery related to this very point.  Specifically, Hartford produced a spreadsheet containing salary and compensation information for the Ability Analyst who decided her claim for the years 2009 and 2010 and the Appeals Specialist who decided her claim for 2009 and 2010 (MARTUCCI 000252),[5] copies of performance evaluations for each of these individuals for 2009 and 2010 (MARTUCCI 000273-298), copies of Hartford's Annual Incentive Plan for 2008 (MARTUCCI 000299-302), copies of Hartford's Business Performance Award and Individual Performance Award for 2008 (MARTUCCI 000303-306), and a copy of Hartford's Guidelines for its Rewards and Recognition Program (MARTUCCI 000307-309).  Notwithstanding her receipt of these materials, Martucci does not reference any of them in her opposition, and instead, improperly submits documents that were produced in another case.

Lastly, the Snell Letter, which, as discussed above, was not disclosed in discovery, prejudiced Hartford because Hartford has been deprived of an opportunity to respond to the letter.  The Snell

---

[5] Documents Bates-stamped MARTUCCI 248-309 were marked "Confidential" under the Court's Stipulated Protective Order and were not submitted to the Court for consideration.  Hartford will provide copies of the documents under seal for the Court's consideration if it deems those documents necessary for its consideration of this motion.

Letter should have been submitted to Hartford in connection with Martucci's administrative appeal so that it could be properly considered by Hartford — not considered for the first time by a reviewing Court. *See Miller*, 72 F.3d at 1071.  The prejudice is, nevertheless, manifest because Hartford is not able to obtain an expert opinion to respond to Dr. Snell's professional opinions.

Martucci's failure to identify or produce these documents during discovery has prevented Hartford from having an opportunity to make further discovery demands and demonstrates the erroneous and irrelevant nature of these documents and arguments.  For these reasons, the Court should strike Exhibits "A" through "D" to Attorney Newfield's Declaration because they were not disclosed in discovery.

### POINT III

### THE BEST PRACTICES MEMO AND THE PERFORMANCE EVALUATION OF A REHABILITATION CASE MANAGER ARE IRRELEVANT AND THUS INADMISSIBLE

Exhibits "A" and "C" that were attached to Attorney Newfield's Declaration and submitted in response to Hartford's Motion for Summary Judgment are legally improper and should be stricken on the additional grounds that the information presented is irrelevant and thus inadmissible pursuant to Fed. R. Civ. P. Rule 56(e) and Fed. R. Evid. Rule 401.  Fed. R. Civ. P. Rule 56(e) provides that: "Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." (emphasis added).

"Relevant Evidence" that would be a permissible basis for an affidavit pursuant to Fed. R. Civ. P. 56(e), is defined by Rule 401 as:

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

FED. R. EVID. 401.  Thus, in order for documents to be admissible they must be relevant.  *See Giles* v. *Rhodes*, No. 94 Cv. 6385(CSH), 2000 WL 1425046 (S.D.N.Y. Sept. 27, 2000) (striking medical expert testimony where the opinion did not relate to the injury alleged).  No part of Exhibits "A" or "C" are "of consequence to the determination of the action."

Specifically, Exhibit "A" consists of a Best Practices Memo from Hartford to its claim personnel that was produced in the unrelated action of *Testa* v. *Hartford Life Ins. Co.*, Dkt No. 08-cv-816 (E.D.N.Y.), concerning statements in denial letters about objective medical evidence.  Neither the adverse determination letter nor the appeal determination letter in this action utilizes this specific language and this memo therefore serves no purpose other than to confuse the Court.  The memo, which is unauthenticated, appears to have come from a manual for long-term disability claims (not STD claims) and from a manual that was not being used by Hartford at the time it decided Martucci's claim for STD benefits.  Importantly, Martucci does not even reference this exhibit in her opposition papers as it has absolutely no relevance to this action.  In fact, she calls it a performance evaluation, which it clearly is not.  (Martucci Opp., p. 11).

Similarly, the documents attached to the Newfield Declaration as Exhibit "C" are also completely unrelated to this action.  Martucci's improper reliance on the irrelevant documents produced in the unrelated matter *Jacoby* v. *Hartford* regarding Rehabilitation Clinical Case Managers ("RCCM") to argue that the Declaration of Bruce Luddy (Doc. No. 30) conflicted with the performance appraisals and to assert that Hartford was conflicted in its decision-making on her claim (Martucci's Opp. at 11-12) is particularly egregious and should be stricken.  The fact that plaintiff's counsel filed these irrelevant documents in the action captioned *Barrett* v. *Hartford Life Group Ins. Co.*, in the District Court for the Southern District of New York does not make these documents any more relevant in this case.  First, there is no evidence in the administrative record concerning Martucci's claim that an RCCM assisted Martucci with any return to work and therefore these documents are completely irrelevant.  Second, a

District Court recently found in *Bender* v. *Hartford Life Ins. Co.*, No. 09–01163, 2011 WL 3566483 (N.D. Cal. Aug. 12, 2011) that certain performance reviews from Hartford, which are materially the same as the reviews attached as Exhibit "C" to the Newfield Declaration, did not contradict a declaration that was submitted in that case by Bruce Luddy, which is also substantively identical to the declaration at issue in this case. *Id.* at *12.   Indeed, the Court in *Bender* compared similar performance evaluations with a materially similar declaration to the version filed in this matter and ruled:

> Such testimony, however, does not contradict Luddy's declaration, nor does it show Hartford has not taken measures to "reduce potential bias and to promote accuracy."

*Bender*, 2011 WL 3566483, at *12 (quoting *Glenn*, 554 U.S. at 117).  Luddy's declaration concerns the relationship of Hartford employees who review claims to those involved in the financial aspects of Hartford's business, and Luddy's statements are not contradictory to the performance evaluations presented for the Ability Analyst and Appeals Specialist that actually decided Martucci's claims in this case.  As the court found in *Bender*, the performance appraisals attached as Exhibit "C" to the Newfield Declaration are completely irrelevant to the instant matter and have no bearing on the question of whether Hartford's benefit decision here was affected by a conflict of interest.

Accordingly, Exhibits "A" and "C" to the Newfield Declaration are irrelevant to Martucci's claims, are only referenced as misdirection, and should be stricken.

## CONCLUSION

For the foregoing reasons, this Court should strike Exhibits "A" through "D" to the Declaration of Jason Newfield.

Dated:  New York, New York
      September 9, 2011

                                     Respectfully Submitted,

                                     s/_____
                                   Michael H. Bernstein (MB 0579)
                                   John T. Seybert (JS 5014)
                                   Daniel M. Meier (DM 2833)
                                   SEDGWICK LLP
                                   *Hartford Life And Accident Insurance Company*
                                   *s/h/a/ Hartford Life Insurance Company*
                                   125 Broad Street, 39th Floor
                                   New York, New York 10004-2400
                                   Telephone: (212) 422-0202
                                   Facsimile:  (212) 422-0925
                                   [SDMA File No. 02489-000093]

## CERTIFICATE OF SERVICE

I, DANIEL M. MEIER, hereby certify and affirm that a true and correct copy of the attached

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE**

**PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION** was served via ECF on this 9th

day of September, 2011, upon the following:

Jason A. Newfield, Esq.
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue – Suite 312
Garden City, New York 11530
Telephone: (516) 222-1600
***Attorneys for Plaintiff***

s/_____
DANIEL M. MEIER

Dated:      New York, New York
            September 9, 2011