UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAROL MARTUCCI,                               Civ. Act. No.: 10-cv-6231 (BSJ)

                Plaintiff,

    -against-

HARTFORD LIFE INSURANCE COMPANY,              DOCUMENT
                                              ELECTRONICALLY FILED
                Defendant.
------------------------------------------------------------X


# DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION

 

SEDGWICK LLP
Attorneys for Defendants
HARTFORD LIFE INSURANCE COMPANY
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile:  (212) 422-0925

Michael H. Bernstein
John T. Seybert
Daniel M. Meier
    *Of Counsel*

NY/752444v1

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ................................................................................................................................ 2

    POINT I

    THIS COURT MAY NOT CONSIDER MARTUCCI'S IMPROPER
    EXTRA-RECORD SUBMISSIONS .................................................................................. 2

    POINT II

    THIS COURT SHOULD STRIKE MARTUCCI'S EXTRA-RECORD
    SUBMISSIONS BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED
    OR DISCLOSED IN DISCOVERY ................................................................................... 7

    POINT III

    THIS COURT SHOULD STRIKE EXHIBITS "A" THROUGH "C" OF
    THE NEWFIELD DECLARATION AND THE "APPENDIX OF MEDICAL
    LITERATURE" BECAUSE THEY ARE IRRELEVANT AND THUS INADMISSIBLE ....... 9

CONCLUSION ........................................................................................................................... 10

CERTIFICATE OF SERVICE ................................................................................................... 11

## **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Baker* v. *ACE Advertisers' Serv., Inc.*,
 153 F.R.D. 38 (S.D.N.Y. 1992) ............................................................................................... 8

*Bender* v. *Hartford Life Ins. Co.*,
 NO. 09-01163, N.D. ........................................................................................................ 9, 10

*Bergquist* v. *Aetna U.S. Healthcare*,
 289 F. Supp. 2d 400 (S.D.N.Y. 2003) ..................................................................................... 2

*Doyle* v. *Liberty Life Assurance Co. Of Boston*,
 542 F.3d 1352 (11th Cir. 2008) .............................................................................................. 9

*Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*,
 391 Fed. Appx. 74 (2d Cir. 2010) ........................................................................................... 7

*Fry* v. *Hartford Ins. Co.*,
 No. 09-cv-6669, 2011 WL 1672474 (W.D.N.Y. May 3, 2011) ............................................... 2

*Gulf Ins. Co.* v. *Glasbrenner*,
 343 B.R. 47 (S.D.N.Y. 2006), *aff'd* 273 Fed. Appx. 90 (2d Cir. 2008) ................................. 5

*Hall* v. *United of Omaha Life Insurance Co.*,
 No. 10-cv-0012(MJR), 2011 WL 1256836 (S.D. Ill. Apr. 4, 2011) .................................... 4, 5

*Hobson* v. *Metropolitan Life Ins. Co.*,
 574 F.3d 75 (2d Cir. 2009) ...................................................................................................... 8

*International Star Class Yacht Racing Ass'n* v. *Tommy Hilfiger U.S.A., Inc.*,
 146 F.3d 66 (2d Cir. 1998) ...................................................................................................... 5

*Kramer* v. *Time Warner, Inc.*,
 937 F.2d 767 (2d Cir. 1991) .................................................................................................... 6

*McCauley* v. *First Unum Life Ins. Co.*,
 551 F.3d 126 (2d Cir. 2008) .................................................................................................... 7

*Metropolitan Life Ins. Co.* v. *Glenn*,
 554 U.S. 105 (2008) ................................................................................................................ 7

*Miller* v. *United Welfare Fund*,
 72 F.3d 1066 (2d Cir. 1995) .................................................................................................... 2

*Richard* v. *Fleet Financial Group Inc. Ltd. Employee Benefits Plan*,
   367 Fed. Appx. 230 (2d Cir. 2010) ..................................................................................7

*Salute* v. *Aetna Life Ins. Co.*,
   No. 04-cv-2035(TCP)(MLO), 2005 WL 1962254 (E.D.N.Y. Aug. 9, 2005) ....................2

*Zervos* v. *Verizon New York, Inc.*,
   277 F.3d 635 (2d Cir. 2002) ...........................................................................................2

## STATUTES

FED. R. CIV. P. 12(f) .................................................................................................................4

FED. R. CIV. P. 26(a) ........................................................................................................... 7, 8

FED. R. CIV. P. 37(c) ........................................................................................................ 1, 5, 8

FED. R. CIV. P. 56(e) ........................................................................................................... 1, 5

FED. R. EVID. 201(b) ..............................................................................................................6

FED. R. EVID. 401 ............................................................................................................ 9, 10

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in reply to Plaintiff's opposition ("Opp."), to Defendant Hartford Life And Accident Insurance Company sued herein as Hartford Life Insurance Company's ("Hartford") motion pursuant to Rules 37(c) and 56(e) FED. R. CIV. P., for an order striking plaintiff Carol Martucci's ("Martucci") improper extra-record submissions attached as Exhibits "A" through "D" to the Declaration of Jason Newfield, dated August 18, 2011 (Doc. No. 35) ("Newfield Declaration" or "Newfield Dec."). Knowing full well that her initial submissions that Hartford seeks to have stricken were improper, Martucci exacerbated and amplifies this impropriety by flagrantly attaching an additional 103 pages of irrelevant and improper extra-record material to her reply memorandum of law in support of her motion for summary judgment to "supplement" the administrative record, calling it an "Appendix of Medical Literature."[1] Accordingly, Hartford seeks an Order striking these belated and improper submissions as well.

Martucci's extra-record submissions must be stricken because this Court is without discretion to consider such materials in determining whether Hartford's decision-making was reasonable and based on substantial evidence in the administrative record. Moreover, Martucci did not disclose any of the documents she seeks to add to the administrative record in discovery, although she was required to do so under the Federal Rules of Civil Procedure. Finally, the majority of Martucci's extra-record submissions have no relevance to the pending motion for summary judgment and therefore, should be stricken. For these reasons, and as discussed more fully below, this Court should grant Hartford's motion to strike Exhibits "A" through "D" to the Newfield Declaration and Martucci's recently filed "Appendix of Medical Literature."

---

[1] Notably, the "Appendix of Medical Literature" is not what it purports to be. It consists of the letter from Dr. Snell, several internet articles and abstracts, and a PowerPoint presentation, which contain other sensationalist and inflammatory pictures with no probative value.

1

## ARGUMENT

### POINT I
### THIS COURT MAY NOT CONSIDER MARTUCCI'S IMPROPER EXTRA-RECORD SUBMISSIONS

Martucci concedes that the appropriate standard of review for this case is the deferential arbitrary and capricious standard of review. (Martucci's Memorandum of Law in Support of her Motion for Summary Judgment dated July 28, 2011, Doc. No. 26, pp. 1, 7; Martucci's Memorandum of Law in Opposition dated August 18, 2011, Doc. No. 34 ("Martucci's SJ Opp."), pp. 1, 9). It is well settled that when performing its review pursuant to this standard, the Court is without discretion to consider any evidence outside of the administrative record. *See Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); (Hartford's Memorandum of Law In Support of Motion To Strike, dated September 9, 2011, Doc. No. 43 ("Hartford's MOL"), pp. 3-7). The administrative record consists solely of those documents before the claims administrator at the time it made its final benefit determination. *See Salute* v. *Aetna Life Ins. Co.*, No. 04-cv-2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Notwithstanding this unequivocal authority, Martucci stubbornly argues that this Court can consider exhibits "A" and "D" annexed to the Newfield Declaration, which are indisputably outside the administrative record, because "good cause" supposedly exists to expand the administrative record in this manner. But the "good cause" exception for expanding the administrative record only applies in a *de novo* review case. *See Fry* v. *Hartford Ins. Co.*, No. 09-cv-6669, 2011 WL 1672474, *2 (W.D.N.Y. May 3, 2011) (quoting *Miller*, 72 F.3d at 1071); *Zervos* v. *Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002). It does *not* apply in a case where the Court's review is to be done pursuant to the deferential arbitrary and capricious standard of review. (Hartford's MOL, p. 4). Accordingly, the Court need not go any further and should grant Hartford's motion to strike on this ground alone.

To the extent the Court decides to consider Martucci's legally unsupported argument that it may review extra-record evidence if "good cause" exists, Martucci has failed to establish the existence of

2

"good cause." (Opp., p. 2). First, Martucci fails to identify the purported procedural irregularities she claims exist in the record warranting a finding of good cause. Instead, Martucci insinuates that Hartford's review procedures were unfair because it "ignored" a long term disability ("LTD") claim Best Practices Memo (the "Memo"), which her counsel improperly attached to the Newfield Declaration. (Opp., p. 2). Notably, this argument does not appear anywhere in Martucci's motion for summary judgment. Moreover, the relevance of this document to any of Martucci's arguments in support of her claim is suspect because she called the Memo a "performance evaluation," which it clearly is not. (Martucci's SJ Opp., p. 11). Importantly, Martucci has not demonstrated that the Memo is even applicable to *STD* claims, which is the only claim at issue in this litigation. The Memo, which is unauthenticated, appears to have come from a manual for LTD claims (not STD claims) and from an out-dated manual that was not in use by Hartford at the time it decided Martucci's claim for STD benefits. Moreover, the Memo only applies to specific statements in LTD claim denial letters concerning objective medical evidence. Since the STD claim denial letters in Martucci's case did not employ these specific statements, the Memo, and Martucci's references to it, have absolutely no bearing on Hartford's procedures in this case. (122-25; 117-19). [2] Therefore, Martucci's showing of "good cause" to consider the Memo is meritless.

Second, Martucci argues that "good cause" exists for this Court to consider the recently created letter-report of Christopher Snell, Ph.D., dated August 16, 2011 (the "Snell Letter"). (Opp., pp. 5-6). Yet again, Martucci, however, provides no showing of "good cause" to expand the administrative record to include this extra-record submission. Martucci does not argue that the Snell Letter was excluded by Hartford as a result of conflict of interest or a procedural irregularity. Indeed, she could not make such argument because the Snell Letter did not exist until Martucci briefed her opposition to Hartford's motion for summary judgment. (Newfield Dec., Ex. "D").

---

[2] All references to numbers "000098" through "000244" are to the Bates Stamped pages annexed as Exhibit "C" to the Declaration of Debra McGee dated July 25, 2011, Doc. No. 29 ("McGee Dec.").

3

Martucci asserts that the purpose of the Snell Letter is to rebut Hartford's attacks on Dr. Betsy Keller's report raised in litigation that were not previously questioned by Hartford and that she was not previously advised of Hartford's concerns prior to the litigation. (Opp., pp. 5-6). These arguments are meritless because Martucci did not submit Dr. Keller's Report until her administrative appeal, so Hartford did not have had the opportunity to identify the deficiencies in Dr. Keller's report until it considered it on appeal. Moreover, the problems with Dr. Keller's report do not involve the objective test results she recorded, but rather involve her conclusions that are inconsistent with those test results. Hartford fully discussed the report in its January 29, 2010 appeal uphold letter and determined that it, together with other evidence presented by Martucci, did not support a functional impairment preventing her from performing the duties of her occupation. (117-19). Further, the administrative record reflects that Hartford consistently requested objective proof demonstrating Martucci's purported functional impairments and her continued failure to submit such proof. (122-24). Indeed, Hartford and Dr. Knapp already found the evidence submitted from Dr. Bell and Dr. Keller to be unpersuasive. (117-19; 141-43). Hartford's elaboration on the deficiencies in Dr. Keller's conclusion does not provide any basis for Martucci to expand the administrative record to include newly created evidence.

Notably, in response to the twenty-five cases from the Second Circuit and district courts in this Circuit that Hartford cited in support of its motion to strike Martucci's improper extra-record submissions, Martucci cites only to *Hall* v. *United of Omaha Life Insurance Co.*, No. 10-cv-0012(MJR), 2011 WL 1256836 (S.D. Ill. Apr. 4, 2011), a decision from outside the Second Circuit where the court purportedly considered an extra-record submission. (Hartford's MOL, p. 6). But the decision in *Hall* is inapposite. In *Hall*, the plaintiff submitted a declaration from plaintiff's treating doctor, which declaration was outside of the administrative record, to purportedly correct the defendant's misstatement of that doctor's treatment notes. The defendant moved to strike the declaration under Rule 12(f), Fed. R. Civ. P., as "redundant, immaterial, impertinent or scandalous matter." The court denied the

4

defendant's motion because it failed to make a showing under Rule 12(f), but acknowledged that the court's review is limited to the administrative record. In *Hall*, the court reserved its decision as to whether it would consider the exhibit. Here, Hartford moved to strike the Snell Letter under Rules 37(c) and 56(e) FED. R. CIV. P. Thus, the decision in *Hall* has no applicability to Hartford's motion.

In addition to *Hall* involving an entirely different type of legal standard, the facts of the cases are dissimilar. The plaintiff in *Hall* submitted a declaration from the same doctor who simply explained what his prior treatment note meant. In this case, Martucci has not attempted to offer an explanation by Dr. Keller for why she found Martucci to be more impaired than her reported objective results actually show. Instead, Martucci submitted the Snell Letter in an effort to rehabilitate Dr. Keller. Accordingly, Martucci's sole case in support of its argument that this Court may consider the Snell Letter is inapposite and does not provide any basis to deny Hartford's motion to strike.

Martucci attempts to avoid the impropriety of her extra-record submission of the Snell Letter by asking the Court to take judicial notice of Dr. Keller's qualifications. (Opp., p. 6). The Court, however, may not take such judicial notice. To the extent that Martucci is referring the Court to Dr. Keller's qualifications set forth in Martucci's Opposition to Hartford's Motion for Summary Judgment (Martucci's SJ Opp., p. 2 n.2), this is largely based on a website that is also outside the scope of the administrative record and cannot be offered for the truth of the matter asserted. For facts to be judicially noticed under Rule 201(b), they must "not [be] subject to reasonable dispute." *Gulf Ins. Co.* v. *Glasbrenner*, 343 B.R. 47, 63 (S.D.N.Y. 2006), *aff'd* 273 Fed. Appx. 90 (2d Cir. 2008).[3] Significantly, since judicial notice deprives a party of the opportunity for rebuttal, caution must be used in finding a matter to be beyond controversy. *See International Star Class Yacht Racing Ass'n* v. *Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998).

---

[3] Notably, even Dr. Snell points out a discrepancy in Dr. Keller's qualifications by stating that Dr. Keller is a "Professor of exercise physiology (not philosophy as noted in the response)," while the Ithaca College web site illustrates that Dr. Keller has a Doctor of Philosophy in Exercise Science." *Compare* Snell Letter *with* Martucci's SJ Opp., p. 2 n.2.

Furthermore, Dr. Keller's purported expert qualifications are not the sort of facts contemplated by Rule 201(b), FED. R. EVID., which covers facts that are "either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*.  Here, Martucci is not asking the Court to take notice of a fact that occurred, such as that Dr. Keller went to a specific university, but she is improperly asking the Court to take judicial notice of the truth of the matter that is asserted; i.e., that Dr. Keller has the appropriate education and background to render an expert medical opinion.  *See Kramer* v. *Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").  This Court should refuse to take judicial notice of the "facts" Martucci requests be noticed because these purported "facts" have not been properly established, no foundation has been set, and this is an improper method to demonstrate an expert's qualifications.[4]

Martucci also submitted further improper extra-record materials in an "Appendix of Medical Literature" when she filed her Reply Memorandum in Further Support of her Motion for Summary Judgment.  This Appendix includes numerous articles and presentations concerning cardiopulmonary exercise testing and information regarding SF-36 examinations that Martucci never submitted to Hartford in support of her STD claim.  Martucci does not even attempt to explain how or why the Appendix is being submitted at this point as *the Appendix is not even referenced in her Memorandum of Law*.[5]  The Appendix is further evidence of Martucci's unabashed willingness to flaut established law on point in order to improperly lard the record with irrelevant and improper extra-record materials and should be disregarded in its entirety.

Finally, Martucci's argument that she should be allowed to submit extra-record evidence because

---

[4] Notably, all Martucci had to do was show how Dr. Keller's opinions were correct based on the report in the administrative record.  Apparently, she cannot make such showing.
[5] Martucci makes passing reference to one presentation by providing the internet site, which was printed and included in the Appendix. (Martucci SJ Reply, Doc. No. 45, p. 6, n.4).

6

Hartford submitted the Declarations of Bruce Luddy and Debra McGee in support of its motion for summary judgment is utterly without merit.[6] (Opp., pp. 1-3). In *Richard* v. *Fleet Financial Group Inc. Ltd. Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010), the Second Circuit rejected a similar argument, ruling that "[a]lthough extra-record evidence might sometimes be admissible to assist procedural inquiries. . here [plaintiff] seeks to introduce extra-record evidence to challenge the Hartford's substantive determination, and it is not admissible for that purpose." Unlike Martucci's improper efforts to expand the administrative record with materials addressed to the substance of her claimed disability, Hartford submitted the Luddy and McGee Declarations to prove the steps it has taken to reduce any structural conflict of interest from affecting its decision-making. *See Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 117 (2008). The Second Circuit has acknowledged that it may consider evidence outside of the administrative record to determine whether a dual role insurance company has taken active steps to reduce the potential for conflict of interest to affect its decision-making.[7] *See McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 137 (2d Cir. 2008); *Fortune* v. *Group Long Term Disability Plan For Employees Of Keyspan Corp.*, 391 Fed. Appx. 74, 78 (2d Cir. 2010).

Accordingly, this Court should strike Exhibits "A" and "D" to Attorney Newfield's Declaration and the "Appendix of Medical Literature" because they are improper, extra-record documents that this Court may not consider on an administrative record review of Martucci's ERISA benefit claim.

### POINT II
### THIS COURT SHOULD STRIKE MARTUCCI'S EXTRA-RECORD SUBMISSIONS BECAUSE THEY WERE NOT PREVIOUSLY IDENTIFIED OR DISCLOSED IN DISCOVERY

Martucci failed to serve an initial disclosure statement in accordance with Rule 26(a), FED. R. CIV. P. Martucci pursued discovery and obtained volumes of Hartford documents that are specific to the facts of this case. Rather than referring to any of this material or disclosing any material that she intended to

---

[6] Martucci has not properly moved to strike the Luddy and McGee Declarations.
[7] Hartford in this case is not acting in a dual-role capacity because it does not insure the benefits under the self-funded plan. Nevertheless, Martucci claims a financial conflict of interest still exists.

7

rely on in proving her claim, Martucci scoured case filings in unrelated matters and employed other undisclosed purported experts to prepare reports to be used in connection with the summary judgment motions. But Martucci's attempts to gather this information and failure to disclose it during discovery is the quintessential "sandbagging" of an adversary that Rule 37(c), FED. R. CIV. P., was enacted to prevent.

Martucci's sole excuse for not disclosing this information is that she did not have any obligation to disclose these documents because Hartford did not ask for them. (Opp., p. 3 n.1). Rule 26(a), however, requires that a party produce or identify the documents that she "may use to support [her] claims or defenses, unless the use would be solely for impeachment." *See Baker* v. *ACE Advertisers' Serv., Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y. 1992). These documents were indisputably not used for impeachment.

Martucci does not even attempt to provide an excuse for her failure to comply with Rule 26(a), except to state that she obtained the Snell Letter in response to Hartford's motion for summary judgment to bolster Dr. Keller's opinion in her report. (Opp., p.5). This argument is baseless because Martucci was already on notice that Hartford did not find Dr. Keller's report to be persuasive based on Hartford's final determination letter to Martucci, including Dr. Knapp's evaluation of this report. (117-19). While Martucci did not know the precise arguments that Hartford would raise at the summary judgment stage, she was indisputably on notice that Hartford did not find Dr. Keller's report to be compelling. Accordingly, Martucci should have disclosed the Snell Letter under FED. R. CIV. P. 26(a)(1) or at least identified Dr. Snell as an expert witness in accord with FED. R. CIV. P. 26(a)(2).

Martucci argues that she did not have to disclose the Luddy deposition transcript she attached to her opposition because it supposedly concerns Hartford's purported conflict of interest. But this is no exception. Martucci carries the burden to prove a conflict of interest. *See Hobson* v. *Metropolitan Life Ins. Co.*, 574 F.3d 75, 83 (2d Cir. 2009) (requiring plaintiff to demonstrate that conflict of interest actually affected the defendant's decision-making); *see also Doyle* v. *Liberty Life Assurance Co. Of Boston,* 542 F.3d

8

1352, 1360 (11th Cir. 2008) (holding that "it is not the defendant's burden to prove its decision was not tainted by self-interest.").

Lastly, Martucci waited for her Reply Memorandum of Law in Further Support of her Motion for Summary Judgment to attach the "Appendix," at which point Hartford had no opportunity to respond. This tactic indisputably demonstrates that Martucci sought to deprive Hartford of the ability to respond to this submission of questionable "medical literature." The submission actually consists of PowerPoint presentations presumably prepared by Dr. Snell, the Snell letter, and internet articles and abstracts that Snell cited in his letter and an article regarding SF-36 testing.

Accordingly, the Court should strike Exhibits "A" through "D" to attorney Newfield's Declaration along with the "Appendix of Medical Literature" because they were not disclosed in discovery.

## POINT III
## THIS COURT SHOULD STRIKE EXHIBITS "A" THROUGH "C" OF THE NEWFIELD DECLARATION AND THE "APPENDIX OF MEDICAL LITERATURE" BECAUSE THEY ARE IRRELEVANT AND THUS INADMISSIBLE

Exhibits "A" through "C" of the Newfield Declaration are not evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. As explained above, the Best Practices Memo has absolutely no application to Martucci's STD claim at issue, nor was it even referenced in her summary judgment opposition papers. Similarly, the "Appendix Of Medical Literature" was not referenced in Martucci's motion papers. Accordingly, both should be stricken.

The Luddy deposition transcript from *Bender* v. *Hartford Life Ins. Co.*, No. 09-01163, N.D. Cal annexed to the Newfield Declaration as Exhibit "B" is also irrelevant. Martucci argues that the Luddy deposition was properly submitted because it demonstrates that the Luddy Declaration submitted in this case is inconsistent with his deposition testimony in *Bender*. But that argument is

9

meritless because Martucci's alleged inconsistency is based on a misrepresentation of the Luddy deposition as stating that Hartford's claims and appeals personnel's compensation was tied to their cost savings. (Opp., p. 3). While it is true that Hartford's personnel's salary or bonus may be based upon performance evaluations, as testified to by Mr. Luddy in *Bender*, the evaluations themselves are not based on denials of claims and are therefore irrelevant to the issue of conflict. (*Compare* Luddy Dec. ¶¶ 8-9 *with* T.18:6-19:11). Furthermore, the district court in *Bender* actually held that Luddy's deposition testimony did not contradict his declaration that was submitted in that case, which was substantively identical to the declaration at issue in this case, nor did the testimony show that Hartford had not taken measures to "reduce potential bias and to promote accuracy." *Bender*, 2011 WL 3566483, at *12.

Martucci argues that the Performance Evaluation attached as Exhibit "C" to the Newfield Declaration is relevant because it will cause the Court to afford the Luddy Declaration no significant weight. Yet Martucci fails to even explain how the evaluation could possibly have this affect. In fact, the performance evaluation was of a Rehabilitation Clinical Case Manager ("RCCM") from an entirely different case who had nothing to do with Martucci's claim. Martucci does not even present any evidence that an RCCM assisted her with any return to work. Accordingly, the materials included in Exhibit "C" to the Newfield Declaration are irrelevant and should be disregarded

Therefore, the Court should strike the Newfield Declaration's Exhibits "A" through "C" and the "Appendix of Medical Literature" as irrelevant and inadmissible under FED. R. EVID. 401.

## CONCLUSION

For the foregoing reasons, this Court should strike Exhibits "A" through "D" to the Declaration of Jason Newfield along with the Appendix of Medical Literature.

Dated:  New York, New York
       October 6, 2011                     Respectfully Submitted,
                                               s/
                                               Michael H. Bernstein (MB 0579)

## CERTIFICATE OF SERVICE

I, DANIEL M. MEIER, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S IMPROPER EXTRA-RECORD SUBMISSION** was served via ECF and via Regular Mail on this 6th day of October, 2011, upon the following:

>Jason A. Newfield, Esq.
>FRANKEL & NEWFIELD, P.C.
>585 Stewart Avenue – Suite 312
>Garden City, New York 11530
>Telephone: (516) 222-1600
>*Attorneys for Plaintiff*

s/
DANIEL M. MEIER

Dated:   New York, New York
         October 6, 2011

11