# FRANKEL & NEWFIELD, P.C.

ATTORNEYS AT LAW

Justin C. Frankel*
Jason A. Newfield*
*Admitted in NY, CT and PA

585 Stewart Avenue
Suite 312
Garden City, NY 11530
Tel: (516) 222-1600
Fax: (516) 222-0513
www.frankelnewfield.com

December 2, 2011

**VIA ECF**

Honorable Barbara S. Jones
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re:   **Martucci v. Hartford 10-CV-06231 (BSJ)**

Dear Judge Jones,

Plaintiff respectfully submits this supplemental notice of authority letter to advise Your Honor of a recent decision of significance to the pending cross-motions for judgment.

This recent decision, entitled *Peterson v. Hartford Life & Accident Ins. Co.*, 2011 U.S. Dist. LEXIS 137248 (November 30, 2011, E.D. Mich. 2011), granted Plaintiff's motion for judgment and denied Defendant's motion for judgment, in an ERISA disability benefits case. This case is significant for several important reasons. First, like the instant matter, the claimant's impairment was due to Chronic Fatigue Syndrome. Second, also like the instant matter, Hartford relied upon a file only review from Dr. David Knapp.

The court noted Dr. Knapp merely concluded the records do not document clinically significant findings that support any restrictions or limitations from a physical or cognitive perspective. *Id.* at * 14-15. The court was troubled that credibility determinations were made in the absence of any actual examination of the claimant, and that the file review lacked analysis, but instead simply noted the extensive materials reviewed with the naked conclusion that these records did not support impairment. As with the instant case, the medical review performed by Dr. Knapp lacked meaningful analysis.[1]

---

[1]   It should be noted that in *Peterson*, Hartford relied upon additional paper reviewing physicians besides Dr. Knapp, and IME, as well as surveillance, while here, Hartford relied exclusively upon Dr. Knapp's opinion, had no IME, and had no surveillance to rely upon.


FRANKEL & NEWFIELD, P.C.

Page 2
December 2, 2011

     While Hartford is likely to attempt to distinguish *Peterson* by noting that there was a structural conflict of interest given its dual role as payor and evaluator, this argument is unavailing, as the court found "[t]here is no evidence in the administrative record to suggest that an inherent conflict of interest influenced Hartford's decision." *Id.* at *19.

     Rather, the court found that its "decision-making process is highly indicative of one aimed at denial of benefits rather than affording proper regard for the fiduciary duties owed to a claimant." *Id.*

                                                             Respectfully submitted,

                                                             FRANKEL & NEWFIELD, P.C.

                             By:     Jason Newfield

JAN:bms
cc:    Michael Bernstein, Esq. (Via ECF)